UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RED EYE JACKS SPORTS BAR INC. dba CHEETAH'S NIGHTCLUB., <br><br>　　　　　Plaintiffs, <br><br>　v. <br><br>CITY OF SAN DIEGO; SHELLEY ZIMMERMAN, in her official capacity as Chief of Police, and DOES 1-50, <br><br>　　　　　Defendants. | Case No. 14-cv-00823-L (RBB) <br><br>**ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

　　　Before the Court is Defendants' motion to dismiss for failure to state a claim. The motion has been fully briefed. Under Civil Local Rule 7.1.d.1, the Court determines this motion on the papers submitted without oral argument. For the reasons below, the Court **DENIES** Defendants' motion to dismiss.

**I.　BACKGROUND**

　　　The background of this case has been extensively recounted in the Court's previous Order. (Order Granting in Part First MTD, ECF No. 10.) Plaintiff Red Eye Jacks Sports Bar Inc. d.b.a. Cheetah's Nightclub ("Plaintiff"), operates a "nude entertainment business," as defined by San Diego Municipal Code § 33.602, located in San Diego. (First Am. Compl. ¶4 ECF No. 17.) On July 14, 2013 and March 6, 2014,

the vice unit of San Diego Police Department conducted inspections of Cheetah's that lasted four and two and a half hours respectively. (*Id.* ¶¶ 8, 10.) Plaintiff brought suit against the City of San Diego ("San Diego") and Shelley Zimmerman ("Zimmerman") in her official capacity as Chief of Police (collectively "Defendants"). Plaintiff alleged that the inspections violated its constitutional rights guaranteed by the First, Fourth, and Fourteenth Amendments. (*Id.* at 5-7.) Further, Plaintiff alleged that as a result of the inspections they have suffered a loss of business. (*Id.* ¶¶ 15-17.)

 Defendants brought a motion to dismiss Plaintiff's Complaint. (First Motion to Dismiss ECF No. 3.) The Court granted the motion in part, with leave to amend. (Order Granting in Part First MTD at 10.) Plaintiff filed an amended complaint, and Defendants now move to dismiss the amended complaint. (FAC, ECF No. 17; MTD, ECF No. 18.)

 Defendants argue that Plaintiff's claims are barred by the statute of limitations. (MTD at 6.) Defendants also contend that the statute at issue does not implicate the First Amendment and the inspections did not have any adverse effects on Plaintiff's First Amendment rights. (*Id.* at 7, 9.) Further, Defendants assert that the ratification claim and challenges under the Fourth and Fourteenth Amendments are inadequately pleaded. Plaintiff opposes the motion, maintaining that the statute of limitations has not run, their First Amendment rights were infringed, and their other claims are adequately pleaded. (Opp'n 2-4, 7, 9, 11, ECF No. 19.)

## II. LEGAL STANDARD

### Rule 12(b)(6) - Motion to Dismiss - Failure to State a Claim

 The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party. *Cedars-Sinai Med. Ctr. v.*

*Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted). In fact, the court does not need to accept any legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, -, 129 S. Ct. 1937, 1949 (2009)

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

1555 n.19

(9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1

(9th Cir. 1995) (superseded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

### III. DISCUSSION

#### A. Defendant's Request for Judicial Notice

Defendant requests the Court take judicial notice of three documents: (1) excerpts from City Ordinance O-16822, (2) excerpts from City Ordinance O-18885, and (3) various San Diego Municipal Code provisions regarding adult entertainment business and nude entertainment businesses. (RJN 1-2, ECF No. 18-3). The Court may take notice of facts that are "not subject to reasonable dispute in that [they are] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." FED. R. EVID. 201(b)(2). Because Plaintiff does not object to these requests, and the documents are not subject to reasonable dispute, the Court **GRANTS IN PART** Defendant's RJN with respect to these documents.

Defendant also requests the Court take judicial notice of the following facts:

- "individuals in modern American society can change their hair color, style and length; eye color (with contact lenses); weight; body fat/muscle composition, and facial appearance (with makeup)";
- "individuals attempting to conceal their identities sometimes use false names or aliases;" and
- "a nude entertainer cannot change or conceal large ink tattoos on her

skin as easily as she can change her hair color, style and length, eye color; weight; body fat/muscle composition; and facial appearance." (RJN 2.)  Plaintiff opposes these factual requests because "the alleged 'facts' are irrelevant at this stage of the proceedings because they go to the merits of Plaintiff's claims."  (Opp'n 1 n. 1.)  However, Plaintiff does not dispute the accuracy of these "facts."  It is generally known that people can change their appearance and that individuals attempting to conceal their identities sometimes use false names or aliases, so the Court **GRANTS IN PART** Defendant's RJN with respect to these facts.  However, the Court **DENIES IN PART** the RJN with respect to the alleged fact that it is not as easy to conceal a tattoo as it is to otherwise alter someone's appearance, as this is not generally known, nor does Defendant provide any explanation as to why this is true.

### B. Plaintiff's Claims Are Not Time Barred

Defendants first contend that Plaintiff's facial challenges under the First, Fourth, and Fourteenth Amendments are time barred.[1]  (MTD 6, 13.)  Plaintiff disagrees, suggesting that this issue has already been decided in a previous order and Defendants' cited authority is inappropriate.  (Opp'n 2-3.)  The Court agrees with Plaintiff.

The Court has previously ruled that the facial challenge on First Amendment grounds is not barred by the statute of limitations.  (Order Granting in Part First MTD 8-9.)  The Court finds the same logic applies to Plaintiff's facial challenges under the Fourth and Fourteenth Amendments in claims one and four.

As explained in the Court's previous order, the Ninth Circuit doubts that a First Amendment facial challenge can ever be barred by a statute of limitations.  *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004).  The Northern District of California has held

---

[1] Though Defendants' motion states that the facial and as-applied challenges under the First and Fourteenth Amendments in Plaintiff's first claim are time barred, the motion only discusses the facial challenges. In regards to Plaintiff's Fourth and Fourteenth amendment challenges in the fourth claim, Defendants' motion only makes a statute of limitations argument about the facial challenge. All three facial challenges are considered together.

that infringement of First Amendment rights results in ongoing harm that precludes a statute of limitations from taking effect. *Napa Valley Publishing Co. v. City of Calistoga*, 225 F. Supp. 2d 1176, 1184 (N.D. Cal. 2002). Here, like in *Maldonado* and *Napa*, Plaintiff alleges violations of their Fourth and Fourteenth Amendment rights, resulting in a continuous harm to Plaintiffs as long as they are subject to the statute. Therefore, the logic which was applied to the First Amendment facial challenge in the Court's earlier order extends to the Fourth and Fourteenth Amendment facial challenges here.

Further, the cases on which Defendants' rely to assert that a statute of limitations begins running at the enactment of the ordinance involve the Takings Clause of the Fifth Amendment rather than any of the amendments at issue here. *Levald v. City of Palm Desert*, 998 F.2d 680 (9th Cir. 1993); *Colony Cove Properties, LLC v. City of Carson*, 640 F.3d 948 (9th Cir. 2011). In *Levald*, the Ninth Circuit drew a clear distinction between takings claims and other kinds of harm and held that unlike other constitutional violations, takings are a discrete single harm. *Levald*, 998 F.2d at 688. Therefore, precedent based on Takings Clause jurisprudence does not apply here.

For the foregoing reasons, the Court finds that the facial challenges under the First, Fourth, and Fourteenth Amendments are not time barred. Therefore Defendant's motion on this basis is **DENIED**.

        **C.**     **Plaintiff's First Amended Complaint is Sufficient to Allege that SDMC § 33.0103 May Have First Amendment Implications**

Defendants next argue that Plaintiff has not made allegations sufficient to implicate the First Amendment for either the facial or as-applied challenge to SDMC § 33.0103. (Motion to Dismiss 7, 9.) Plaintiff responds that they have made valid challenges both to the facial unconstitutionality of SDMC § 33.0103 and to the unconstitutional nature of the specific inspections carried out by the San Diego Police. (Opp'n 6.) The Court agrees with Plaintiff.

The threshold question in a First Amendment free speech case is whether the challenged law is content-based, that is, whether the law regulates speech based on the ideas or messages it expresses. "Content-based regulations are presumptively invalid." *R.A.V. v. City of St. Paul*, 505 U.S. 377, 382, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992). On the other hand, government is given much more leeway when its content-neutral regulations happen to limit some speech. *See United States v. Wilson*, 154 F.3d 658, 663 (7th Cir.1998) ("If a statute is content-based, it must survive strict scrutiny to be constitutional. If a statute is content-neutral, it is subject only to intermediate scrutiny."). Therefore, government may impose reasonable time, place, and manner restrictions if they are "justified without reference to the content of the regulated speech." *Ward v. Rock Against Racism*, 491 U.S. 781, 791, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989) (internal quotation marks omitted).

The Supreme Court applies a specific analysis to the category of speech at issue here: sexually explicit, non-obscene materials. Because this speech is not obscene, government may not simply proscribe it. *See Schad v. Borough of Mt. Ephraim*, 452 U.S. 61, 66, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1981) ("[A]n entertainment program [may not] be prohibited solely because it displays the nude human figure."). But because these materials border on the obscene, they are entitled to less First Amendment protection than non-sexually-explicit materials. *See Young v. American Mini Theatres, Inc.*, 427 U.S. 50, 70-71 (1976) (plurality) ("Even though the First Amendment protects communication in this area from total suppression, we hold that the State may legitimately use the content of these materials as the basis for placing them in a different classification from other motion pictures."). So in City of *Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 49 (1986), the Court held that "at least with respect to businesses that purvey sexually explicit materials, zoning ordinances designed to combat the undesirable secondary effects of such businesses are to be reviewed under the standards applicable to 'content-neutral' time, place, and manner regulations." (Footnote omitted.)

In *Renton*, the Supreme Court considered a constitutional challenge to a zoning

ordinance prohibiting adult movie theaters from locating within 1,000 feet of any residential zone. 475 U.S. at 43. Citing its decision in *Young v. American Mini Theatres, Inc.*, 427 U.S. 50 (1976), the Court established a now familiar three-part analytical framework for evaluating the constitutionality of sexually-oriented business regulations, or what Professor Tribe has described rather aptly as "erogenous zoning laws." Laurence H. Tribe, American Constitutional Law 934 (2d ed. 1988). First, the Court asked whether the ordinance was a complete ban on adult theaters. *Id.* at 46. Because the ordinance was not a total ban, it was properly analyzed as a time, place and manner regulation. *Id.* Second, the Court considered whether the ordinance was content neutral or content based. The Court held that, because the ordinance at issue was aimed not at the content of the films shown at adult theaters, but rather at the secondary effects such theaters have on the surrounding community, it was properly classified as content neutral. *Id.* at 47. Third, given this finding, the final step is to ask whether the ordinance is designed to serve a substantial government interest and that reasonable alternative avenues of communication remain available. *Id.* at 50, 106 S.Ct. 925. The Supreme Court recently reaffirmed the Renton framework in *City of Los Angeles v. Alameda Books, Inc.*, 535 U.S. 425 (2002).

Neither party has applied the proper *Renton* standard in their papers. This is understandable because, as the Sixth and Seventh Circuit have pointed out, there is confusion with respect to the Supreme Courts' First Amendment analysis of regulations of sexually explicit material and adult-oriented establishments. *See Richland Bookmart, Inc. v. Nichols*, 137 F.3d 435, 440 (6th Cir.1998); *DiMa Corp. v. Town of Hallie*, 185 F.3d 823, 827-28 (7th Cir. 1999). The problem stems from the fact that Court in *Renton* treats these types of regulations as content-neutral regulations for some purposes, even though they are in fact content-based. Thus when courts and litigants fall into the shorthand of simply referring to regulations like the one here as "content-neutral," they can find themselves arguing about irrelevancies. *DiMa Corp.*, 185 F.3d at 828. Here, the ordinance obviously singles out adult-oriented establishments for different treatment

based on the content of the materials they sell or display.  And under *Renton*, the ordinance is constitutional so long as it satisfies the requirements of a reasonable time, place, and manner restriction.  *See id.*; *see Center For Fair Public Policy v. Maricopa County, Arizona*, 336 F.3d 1153, 1159-60 (9th Cir. 2003).

Although neither party expressly addresses the proper standard for which to analyze Plaintiff's claim, it appears clear that only the third element of the *Renton* test is in question: whether the ordinance "is designed to serve a substantial government interest and that reasonable alternative avenues of communication remain available."  Here, Plaintiff has alleged that the vagueness of the ordinance gives "the Chief of Police [complete discretion] to determine the scope and method of an inspection, allowing inspections that are in fact warrantless raids[.]"  Further, Plaintiff alleges that the unconstitutional inspections executed pursuant to the ordinance caused Plaintiff to cease business operations which included activity protected by the First Amendment.  (*Id.* ¶¶ 20, 26.)  Essentially, Plaintiff suggests that the language of the ordinance permits no alternative avenues of communication, which would establish a First Amendment violation if proven.

Therefore, Defendants' motion to dismiss on these grounds is **DENIED**.

### D.   **Plaintiff has Sufficiently Pleaded a Ratification Claim**

Defendants move to dismiss Plaintiff's ratification claim on the grounds that Plaintiff has alleged insufficient facts to show that Defendant Zimmerman ratified the actions of the officers who carried out the inspections.  (MTD 13.)  Plaintiff maintains their ratification claim is sufficient because they allege that Zimmerman either personally made the decision to conduct the raids in the manner they were conducted or delegated the authority to do so.  (Opp'n 10.)  The Court agrees with Plaintiff.

A Court may properly take judicial notice of facts outside the pleading.  *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279 (9th Cir. 1986).  Accordingly, the Court takes notice of the fact that Defendant Zimmerman became Chief of Police on

March 4, 2014. *About the Chief*, CITY OF SAN DIEGO, http://www.sandiego.gov/police/about/chiefofpolice.shtml (last visited July 7, 2015). However, Plaintiff's First Amended Complaint names Shelley Zimmerman in her official capacity. (First Am. Compl. 1.) Therefore, it is irrelevant when Defendant Zimmerman assumed office because the suit against Zimmerman represents claims against the Chief of Police of San Diego as an entity, not Defendant Zimmerman as an individual. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

    A plaintiff can demonstrate liability of an entity "by showing that an official with final policymaking authority either delegated the authority to, or ratified the decision of, a subordinate." *Ulrich v. City and County of San Francisco*, 308 F.3d 968, 985 (9th Cir. 2002). The ordinance at issue here provides that "The Chief of Police shall make, or cause to be made, regular inspections of all police-regulated businesses." SDMC § 33.0103(a). Since the ordinance gives the Chief of Police final authority to carry out inspections of establishments such as those run by Plaintiff, the inspections at issue were necessarily undertaken at the direction of either the Chief of Police or some subordinate to whom the Chief of Police had delegated authority. Thus, although Plaintiff has not made extensive allegations in regards to the ratification claim, Plaintiff has stated a valid claim.

    For the foregoing reasons, Defendants' motion to dismiss on these grounds is **DENIED**.

//
//
//
//
//
//
//
//

**E.     Plaintiff's Challenges Under the Fourth and Fourteenth Amendments**

Defendants do not appear to challenge the sufficiency of Plaintiff's as-applied challenge to this claim.  Defendants contend that Plaintiff's Fourth and Fourteenth Amendment facial challenges are improper.[2]  (MTD 13-14.)  Defendants argument is based on their assertion that a constitutional facial challenge may only succeed "'where no set of circumstances exists under which [SDMC Section 33.0103] would be valid.'" (MTD 14) (citing *United States v. Salerno*, 481 U.S. 739, 745 (1987).  Specifically, Defendants argue that Plaintiff's Fourth Amendment facial challenge fails because the statute "does not expressly mention searches of private business records or non-public areas" and the City "can inspect Plaintiff's business without inspecting private business records or searching non-public areas of Plaintiff's business, [the statute] can be administered in a valid manner."  (MTD 14.)  Plaintiffs oppose on the grounds that they have asserted sufficient facts to sustain an as-applied challenge.

The Ninth Circuit has cast doubt on whether the *Salerno* "no set of circumstances" standard of review for facial challenges "is to be generally applied to facial challenges" or whether it is dicta.  *Sierra Club v. Bosworth*, 510 F.3d 1016, 1023 (9th Cir. 2007).[3]  In

---

[2] In the heading of section "E" of the Motion to Dismiss, Defendants assert that Plaintiff has not alleged sufficient facts to support a facial challenge under the Fourth and Fourteenth Amendments. However, in the body of the section, Defendants only make arguments based on the merit of the argument, not the allegations of the First Amended Complaint. Defendants' Reply is silent as to the factual allegations of the claim.

[3] *See, e.g., City of Chicago v. Morales,* 527 U.S. 41, 55 n. 22 (1999) (plurality opinion) ("To the extent we have consistently articulated a clear standard for facial challenges, it is not the *Salerno* formulation, which has never been the decisive factor in any decision of this Court."); *Washington v. Glucksberg,* 521 U.S. 702, 740 (1997) (Stevens, J., concurring) (commenting on Court's failure to apply *Salerno* standard even though challenge to assisted suicide ban was facial challenge, and stating that "I do not believe the Court has ever actually applied such a strict standard, even in *Salerno* itself" (footnote omitted)); *Janklow v. Planned Parenthood, Sioux Falls Clinic,* 517 U.S. 1174, 1175 (1996) (Stevens, J., concurring in denial of cert.) (stating that *Salerno* "no set of circumstances" standard "does not accurately characterize the standard for deciding facial challenges," and that this "rigid and unwise dictum has been properly ignored in subsequent cases even outside the abortion context"); *Planned Parenthood of Se. Pa. v. Casey,* 505 U.S. 833, 895 (1992) (statute facially invalid as "substantial obstacle" to exercise of right in "large fraction" of cases); *id.* at 972-73, (Rehnquist, C.J., concurring in judgment in part and dissenting in part) (arguing that "no set of circumstances" dictum should have led to different result); *Kraft Gen. Foods, Inc. v. Iowa Dep't of Revenue & Fin.,* 505 U.S.

fact, the Supreme Court sustained a Fourth Amendment facial challenge to a state statute that required candidates for elective office to submit to drug testing, holding that the state's interest in drug free officials was not a special need that rendered the intrusion reasonable. *Chandler v. Miller*, 520 U.S. 305, 323 (1997). If the *Salerno* "no set of circumstances" standard had been applied, the statute would have survived the challenge because there were likely some circumstances under which the statute would have been constitutional, such as when the statute was applied to candidates with a known drug problem. *See id.* Nonetheless, the Supreme Court did not even mention the *Salerno* test in the opinion.

Here, Defendants fail to acknowledge the shaky ground on which the *Salerno* rule sits. Nor do Defendants present any argument as to why this rule should apply here. At this point in the proceedings, and in light of the legal landscape surrounding *Salerno*, the Court refuses to apply the "no set of circumstances" rule. In light of this, neither party provides a framework under which the Court can evaluate the pending motion with respect to Plaintiff's Fourth Amendment facial challenge.[4] Nonetheless, it appears that Plaintiff's facial challenge is sufficiently pleaded.

Searches of private property conducted "without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment[.]" *Katz v. United States*, 389 U.S. 347, 357 (1967). Plaintiff alleges that SDMC § 33.0103 allows searches of private business records and non-public areas of its premises without a warrant. (First Am. Compl. 32.) Plaintiffs also allege that during the inspections at issue, San Diego

---

71, 82-83 (1992) (Rehnquist, C.J., dissenting) (arguing that tax statute was facially valid because it would be constitutional under certain facts); *Bowen v. Kendrick,* 487 U.S. 589, 602 (1988) (statute facially invalid under Establishment Clause only if, *inter alia,* law's "primary effect" is advancement of religion, or if it requires "excessive entanglement" between church and state); *id.* at 627 n. 1 (Blackmun, J., dissenting) (pointing out and agreeing with majority's rejection of "no set of circumstances" dictum); Michael C. Dorf, *Facial Challenges to State and Federal Statutes,* 46 Stan. L.Rev. 235, 236, 238 (1994).

[4]The Court notes that the proper standard to evaluate this claim may be found in *New York v. Burger*, 482 U.S. 691 (1987), wherein the Supreme Court explains the protections of the Fourth Amendment with respect to "closely regulated" industries.

Police officers entered "into the private women's dressing rooms and into the private office of the manager." *Id.* at 9.  Defendant has not highlighted how these allegations fail to establish either an as-applied or facial challenge.  Consequently, the Court deems Plaintiff's claims under the Fourth and Fourteenth Amendment to be valid.

Therefore, Defendants' motion to dismiss on these grounds is **DENIED**.

## IV.   CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** Defendants' motion to dismiss Plaintiff's First Amended Complaint.

**IT IS SO ORDERED.**

DATED: July 7, 2015

*M. James Lorenz*
M. James Lorenz
United States District Court Judge