UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RED EYED JACKS SPORTS BAR INC. dba CHEETAH'S NIGHT CLUB,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO et al.,<br><br>Defendants. | Case No.: 14cv823-L (AGS)<br><br>**ORDER (1) GRANTING IN PART PLAINITFF'S MOTION TO DENY OR RE-TAX COSTS CLERK'S TAXATION OF COSTS; (2) DENYING DEFENDANTS' MOTION TO FILE SUR-REPLY** |

Pending before the Court are Plaintiff's motion to re-tax costs (doc. no. 99), and Defendants' motion to file a sur-reply (doc. no. 102). Both motions are opposed. For the reasons stated below, Plaintiff's motion to re-tax costs is granted in part. Defendants' motion to file a sur-reply is denied.

Plaintiff ("Cheetah's" or Plaintiff) seeks to re-tax costs awarded by the Clerk of Court to Defendants as prevailing parties. (Doc no. 98.) Defendants applied for $63,982.18 in costs, which Plaintiff opposed. The Clerk granted Defendants' application in part and awarded $28,461.07. Plaintiff moves to re-tax and requests the Court to deny Defendants' application in its entirety or, alternatively, to reduce the award to $936.90. Defendants filed an opposition with a request that the Court re-tax costs at the original requested amount of $63,982.18 and award attorneys' fees.

Plaintiff argues that no costs should be awarded because Defendants are not prevailing parties. "Unless a federal statute, [federal] rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Assoc. of Mexican-American Educators, v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (*en banc*).

This action was dismissed with prejudice pursuant to a joint motion under Federal Rule of Civil Procedure 41(a). (Doc. no. 94.) The parties reserved the issue whether costs and fees should be awarded to Defendants. (Doc. no. 92.) Usually, when a suit is voluntarily dismissed with prejudice, it is "tantamount to a judgment on the merits . . . , which makes the defendant the prevailing party in the action." *Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir. 1997), abrogated on other grounds by, *AMAE v. California*, 231 F.3d 572 (9th Cir. 2000). Accordingly, Defendants are prevailing parties.

Because Rule 54(d)(1) creates "a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Draper v. Rosario,* 836 F.3d 1072, 1087 (9th Cir. 2016) (internal quotation marks and citation omitted).

> [A]ppropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties. This is not an exhaustive list . . ., but rather a starting point for analysis.

*Id.* (internal quotation marks and citations omitted). Furthermore, "a losing party need not demonstrate that all five factors weigh against imposing costs; rather, the list provides a starting point for analysis." *Id.* (internal quotation marks and citation omitted).

This case arises from two police raids on Cheetah's, an adult entertainment establishment in San Diego. The raids were executed ostensibly pursuant to the

administrative inspection provision of San Diego Municipal Code § 33.0103. Four actions were filed in response to the raids. They were consolidated under Federal Rule of Civil Procedure 42(a) for purposes of discovery and motion practice because of substantial overlap in factual allegations and legal claims. (*See* doc. no. 42).

In this action ("*Cheetah's* case"), Plaintiff alleged § 33.0103 was unconstitutional under the First, Fourth and Fourteenth Amendments on its face and as applied, and that unconstitutional conduct during the raids was ratified by the Chief of Police. Pending at the time of dismissal was Plaintiff's motion to strike parts of its own complaint alleging the raids damaged its business. (*See* doc. no. 82.) The action was dismissed after a motion to quash the subpoena of Michael Galardi, filed in a related action, had been granted in part and denied in part. (*See* 16cv1447, doc. no. 83; *cf.* 14cv823, doc. no. 92.) Defendants served the subpoena to determine whether Galardi was Plaintiff's owner or had a financial interest in Plaintiff.

In a related case, *Coe v. City of San Diego et al.*, case no. 16cv1447, Suzanne Coe was alleged to be Plaintiff's owner. She alleged Defendants retaliated against her by revoking Cheetah's adult entertainment permit because Cheetah's entertainers and management had complained to the media about the raids and filed lawsuits against Defendants. She alleged retaliation in violation of the First and Fourteenth Amendments, among other claims. She dismissed the case one week before dismissal of the *Cheetah's* case. (16cv1447, doc. no. 87; *cf.* 14cv823, doc. no. 94.) Costs were taxed in favor of Defendants as prevailing parties. (*See* 16cv1447, doc. no. 93.)

Also related are *Doe v. City of San Diego, et al.*, case no. 14cv1941 (*"Doe"*), and *Tanya A., et al. v. City of San Diego, et al.*, case no. 14cv1942 ("*Tanya A."*), brought by approximately thirty entertainers, some from Cheetah's and others from another adult entertainment establishment. They alleged, among other things, that § 33.0103 was unconstitutional under the First, Fourth, and Fourteenth Amendments on its face and as applied, and that they were subject to unlawful search and seizure. *Tanya A.* and *Doe* cases remain pending.

Plaintiff argues that no costs should be awarded to Defendants in *Cheetah's* case because it bears substantial public importance, the issues were close, the cost award would have a chilling effect on future similar actions, and because Plaintiff allegedly had been forced to dismiss the case because Defendants "effectively drove [it] out of business" by revoking its permit. (Doc. no. 99-1 at 2).

Whether the permit revocation was retaliatory was to be litigated in the *Coe* case. The issue was not resolved, because the case was voluntarily dismissed. The issues of substantial public importance raised in *Cheetah's* case continue to be vigorously litigated by other parties in *Doe* and *Tanya A*.[1] Plaintiff does not contend it has insufficient resources to pay the costs taxed by the Clerk. Based on the foregoing, Plaintiff has not met its burden of showing why no costs should not be awarded to the prevailing party. *See Draper*, 836 F.3d at 1087.

Alternatively, Plaintiff requests re-taxing of specific costs claimed by Defendants. The Clerk reduced Defendants' costs from $63,982.18 to $28,461.07. Plaintiff argues that some of those costs were incurred for trial preparation in the *Tanya A.* and *Doe* cases.

Relying on *Koch v. Hankins,* 8 F.3d 650 (9th Cir. 1993), Plaintiff argues that to the extent costs are associated with work that will be useful in *Doe* and *Tanya A.* cases, they should be wholly excluded from *Cheetah's* case. (Doc. no. 99-1 at 7.) *Koch* is distinguishable. There, the plaintiff requested dismissal under Rule 41(a)(2), which requires the court to set terms and conditions of dismissal. *Koch*, 8 F.3d at 652; Fed. R. Civ. Proc. 41(a)(2). The *Cheetah's* case was dismissed under Rule 41(a)(1)(A), which does not require an order setting terms and conditions of dismissal. Upon dismissal under Rule 41(a)(2), where litigation between the parties continues in another forum, the defendant is entitled only to the costs which are not useful for continuing litigation

---

[1] In *Doe* and *Tanya A.* the Court found that § 33.0103 on its face violates the First Amendment. (14cv1941, doc. no. 97.)

between the parties. Here, litigation does not continue between the same parties, because the plaintiffs in *Doe* and *Tanya A.* were not parties to the *Cheetah's* case.

Plaintiff's reliance on *Koch* to exclude *all* of Defendants' costs for work which may be used in defending *Doe* and *Tanya A.* cases is therefore unavailing. However, awarding all of Defendants' costs in *Cheetah's* case, when the work can still be used in *Doe* and *Tanya A.*, would be inequitable. To the extent the costs were incurred for work necessary for trial preparation in all three cases, one-third is allocated to *Cheetah's* case.

Deposition testimony of adult entertainers who did not perform at Cheetah's is not relevant in *Cheetah's* case, but is relevant in *Tanya A.* Accordingly, $1,729.10 in costs for deposition transcripts of Linda E., Brianna H. and Rowsanna M. is excluded.

Plaintiff further seeks to exclude the costs for deposing adult entertainers who performed at Cheetah's, because the depositions were noticed in *Tanya A.* and *Doe* cases. These depositions were necessary to establish what occurred during the raids. Because *Cheetah's* case as well as *Tanya A.* and *Doe* request a finding that § 33.0103 was unconstitutional as applied, the testimony was needed to prepare for trial in all three cases. The same reasoning applies to transcripts for non-appearance at deposition and a non-appearance fee charged for the deposition of Mariya W. The Court therefore allocates one-third of entertainer deposition costs to *Cheetah's* case, and excludes $10,788.30 from the cost award.[2]

Plaintiff also requests exclusion of subpoena costs of $936.90 for the depositions of Robert Leslie, Anthony Buonanthony and Barry Bogart, because the depositions can be used in *Doe* and *Tanya A.* For the reasons stated above, $624.60 is excluded.

---

[2] Plaintiff did not identify the entertainer witnesses, and did not calculate the amount it requested excluded. The Court relies on Defendants' Bill of Costs (doc. no. 95-2) and considers the deposition costs (not including costs of deposition videos, which the Clerk had already excluded) for the named plaintiffs in *Tanya A.,* with the exception of the three entertainers who did not perform at Cheetah's (*see* 14cv1942, doc. no. 24 at 2-3).

Next, Plaintiff seeks exclusion of the deposition costs for police officers. Plaintiff does not identify the officers involved in the raids on Cheetah's. Accordingly, this request lacks sufficient support, and is therefore denied.

Finally, Plaintiff requests exclusion of costs incurred to subpoena medical records. Unlike the plaintiffs in *Doe* and *Tanya A.*, Plaintiff did not request damages. Medical records therefore were not relevant to *Cheetah's* case, and the costs of $1,099.83 to subpoena them are excluded.

In their opposition brief, Defendants request re-taxing costs in their originally requested amount. (Doc. no. 100 at 11.) Because they have not filed a motion to re-tax within 7 days of the Clerk's Order Taxing Costs, as required by Rule 54(d)(1), their request is denied. The request is denied for the alternative reason that the Clerk's stated reasons for not allowing all of the requested costs were well taken. To the extent Defendants in their opposition request attorneys' fees and non-taxable costs (doc. no. 100 at 4-10), their request is denied for failure to file a motion within 14 days of entry of judgment as required by Rule 54(d)(2).

Defendants also filed a motion to file a sur-reply to respond to new matters raised in Plaintiff's reply and reply declaration of Steve Hoffman. The Court has not relied on Plaintiff's reply filings for any part of this order; accordingly, Defendants' motion to file a sur-reply is denied as moot.

For the foregoing reasons, Plaintiff's motion to deny or re-tax Clerk's taxation of costs is granted in part and denied in part. Total costs taxed in favor of City of San Diego and Shelly Zimmerman are reduced to $14,219.24. In all other respects, Plaintiff's motion is denied. Defendants' motion to file a sur-reply is denied.

**IT IS SO ORDERED.**

Dated: September 12, 2018

Hon. M. James Lorenz
United States District Judge